# IN THE COURT OF APPEALS OF IOWA

No. 21-1740
Filed June 15, 2022

**WARREN HAVILL,**
        Plaintiff-Appellant,

**vs.**

**QUAKER OATS COMPANY and INDEMNITY INSURANCE COMPANY OF NORTH AMERICA,**
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.


        Warren Havill appeals the district court's affirmance of the workers' compensation commissioner's finding that Havill's workers' compensation claim was barred on statute-of-limitation grounds.  **AFFIRMED.**



        Nate Willems of Rush & Nicholson, P.L.C., Cedar Rapids, for appellant.

        Kent M. Smith of Smith Mills Schrock Blades P.C., West Des Moines, for appellees.



        Considered by Vaitheswaran, P.J., and Tabor and Badding, JJ.

**VAITHESWARAN, Presiding Judge.**

Warren Havill began working for Quaker Oats Company in 1984. He applied for workers' compensation benefits on June 18, 2019, alleging hearing loss from noise exposure, with a cumulative injury date of June 10, 2019. He characterized the condition as tinnitus, marked by a constant sound of cicadas or crickets in his left ear. Quaker responded with an assertion that the claim was barred by the applicable two-year statute of limitations. *See* Iowa Code § 85.26(1) (2019) (requiring an employee to file a claim "within two years from the date of the occurrence of the injury for which benefits are claimed").[1] A deputy workers' compensation commissioner agreed with Quaker. On intra-agency appeal, the workers' compensation commissioner affirmed the deputy's decision in its entirety. The commissioner determined that Havill "knew, or should have known, by fall 2016, the nature of his tinnitus condition, the seriousness of the condition, and the possible compensable nature of the condition." The district court affirmed the agency decision. Havill appealed.

As we recently stated, "The law is well established." *City of Harlan v. Thygesen*, No. 21-0265, 2022 WL 951137, at *1 (Iowa Ct. App. Mar. 30, 2022). Both sides cite and apply *Herrera v. IBP, Inc.*, 633 N.W.2d 284, 287 (Iowa 2001). There, the court stated that for cumulative injuries, "The preferred analysis is to first determine the date the injury is deemed to have occurred . . . and then to

---

[1] The provision was amended to state, "For the purposes of this section, 'date of the occurrence of the injury' means the date that the employee knew or should have known that the injury was work-related." 2017 Iowa Acts ch. 23, § 3. The amended provision applies to injuries occurring on or after July 1, 2017. *See id.* § 24. Havill's injury preceded that date.

examine whether the statutory period commenced on that date or whether it commenced upon a later date based upon application of the discovery rule." *Herrera*, 633 N.W.2d at 288. The court explained, "[A]lthough an injury may have occurred, the statute of limitations period does not commence until the employee, acting as a reasonable person, recognizes its 'nature, seriousness and probable compensable character.'" *Id.* (citation omitted).

The deputy commissioner whose decision the commissioner affirmed applied each component of the discovery rule. In pertinent part, the deputy determined: (1) "[t]he sheer number of inciden[ts] and diagnoses, including a worsening in the fall of 2016, and early part of 2017 show that Mr. Havill was aware of the nature of his hearing and tinnitus issues prior to June of 2017"; (2) "a reasonable person would be concerned about the occurrence in the fall of 2016, and early parts of 2017, as evidenced by the fact that the claimant sought care for his ears" at the time "despite [earlier] recommendations to do so"; and (3) "in the fall of 2016, Mr. Havill experienced an episode of tinnitus that was so severe it caused him to have an emotional reaction, including the need to lie down" and "[t]he subsequent treatment" he obtained amounted to "a reasonable . . . investigat[ion] [of] the cause of his tinnitus."

Like the district court, we conclude substantial evidence supports the agency's findings. *See* Iowa Code § 17A.19(10)(f)(1). We further conclude the commissioner's application of law to fact was not "irrational, illogical, or wholly unjustifiable." *See id.* § 17A.19(10)(m). Finally, to the extent Havill argues the agency misinterpreted the law, we discern no error in its legal conclusions.

In reaching these conclusions, we have considered Havill's assertion that he was not aware the condition was serious enough to have a "permanent adverse impact" on his employability before July 14, 2017. *See Herrera*, 633 N.W.2d at 288 ("[B]y virtue of the discovery rule, the statute of limitations will not begin to run until the employee also knows that the physical condition is serious enough to have a permanent adverse impact on the claimant's employment or employability."). Havill relies on medical notes from that date, which he asks us to accept as the triggering date for statute-of-limitations purposes. We are hard-pressed to discern how those notes are more probative on the permanency issue than notes from a visit at least four months earlier. On February 10, 2017, a provider summarized Havill's complaint of "constant buzzing" for "4 days . . . straight," diagnosed him with "[t]innitus" and "[s]ensorineural hearing loss," and recommended a hearing aid and an MRI. The July 14, 2017 notes referred to Havill's belief that "[t]he tinnitus . . . seem[ed] to have improved" and only recommended "follow up on an as-needed basis." In short, the July 14, 2017 notes could be construed as less probative on the permanency question than the earlier notes. While Quaker's response that Havill's tinnitus had no impact on his employment—let alone a permanent one—arguably cuts against a finding that the statute of limitations began to run at all, resolution of whether Havill "knew, or should have known, of the nature, seriousness, and probable compensability of her injury" was ultimately "a question of fact to be determined by the commissioner." *Midwest Ambulance Serv. v. Ruud*, 754 N.W.2d 860, 865 (Iowa 2008). The commissioner did not explicitly address the permanency question, but the agency's implicit finding that this prong of the *Herrera* test was satisfied is supported by substantial evidence.

*See id.* at 866 ("Mere recognition that there is substantial contrary evidence in the record does not mean that the commissioner's determination may be successfully attacked on appeal.").

We have also considered Havill's contention that the commissioner "misuse[d]" the holding in *Ranney v. Parawax Co.*, 582 N.W.2d 152 (Iowa 1998) to establish his knowledge of "the probable compensable nature" of his injury at the point when the injury manifested itself. The deputy correctly cited *Ranney* for the proposition that a claimant has an obligation to investigate the compensable nature of the injury—an obligation the commissioner determined Havill satisfied.

Like the district court, we affirm the commissioner's decision in its entirety.

**AFFIRMED.**